IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LINDA L. HENDRON,

        Plaintiff,

vs.                                       Case No. 12-1205-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I. General legal standards

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On March 18, 2011, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 17-25). Plaintiff alleges that she has been disabled since November 1, 1995 (R. at 17). Plaintiff is insured for disability insurance benefits through

December 31, 1995 (R. at 19).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 19).  At step two, the ALJ found that plaintiff has the following severe impairment: status post lumbar surgeries (R. at 19).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 20).  After determining plaintiff's RFC (R. at 20), the ALJ determined at step four that plaintiff is unable to perform his past relevant work (R. at 24).  At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 24-25).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25).

**III.  Did the ALJ make a RFC determination in accordance with SSR 96-8p?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff had the RFC to perform the full range of sedentary work (R. at 20). However, the ALJ fails to cite to any medical evidence or any other evidence that indicates that plaintiff can perform the full range of sedentary work.

Plaintiff alleges disability beginning November 1, 1995 (R. at 17). A letter from Dr. Fitzgerald, dated November 17, 1994, states the following:

> A September 29, 1994 letter from Dr. Andersson [plaintiff's treating surgeon] notes her to be at maximum medical improvement [following surgery] and that she is capable of doing sedentary work at only one hour stretches. An 11/1/94 office note from Dr. Andersson indicates increasing pain complaints and pain behaviors as well as more apparent depressive symptomatology.

(R. at 224). The ALJ gave no weight to this opinion because the ALJ found that evidence from 1995 indicated significant improvements in 1995, and that plaintiff was pain free (R. at 22, 23).

The medical record cited by the ALJ was an August 13, 1996 letter from Dr. Green. Dr. Green indicated the following:

> She…was, nine months previous to her present problem [plaintiff one month previously had pain in the lower back precipitated by a fair amount of lifting] pain free but has always been left with numbness, tingling and a dead sensation in the right foot and this is unchanged.

7

(R. at 229). Thus, the letter from Dr. Green indicated that her back was pain free for nine months, until July 1996. It would therefore appear that plaintiff was free of back pain during November and December 1995. However, Dr. Green further indicated that plaintiff had always been left with numbness, tingling and a dead sensation in the right foot. Although the ALJ mentioned that the letter indicated that plaintiff's back was pain free for nine months, the ALJ failed to mention the problems with plaintiff's right foot during this time period.[2] Most importantly, nothing in the letter from Dr. Green indicates that plaintiff could perform a full range of sedentary work at any time, and more specifically, between November 1, 1995 and December 31, 1995. Dr. Green never addressed the issue of plaintiff's RFC in his letter.

The record also contains a July 13, 2009 questionnaire from P.A. (physician's assistant) Darrin Cox stating that plaintiff cannot work due to chronic back pain, with an onset of 10 years off or on. He set forth a number of specific limitations,

---

[2] In the case of Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996), the court held as follows:

> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion...The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence [citation omitted] Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.

Clifton, 79 F.3d at 1009-1010. The ALJ should have mentioned the uncontroverted and probative medical evidence that plaintiff had numbness, tingling and a dead sensation in his right foot.

8

including an opinion that she could only work for less than 2 hours a day, can only sit for ½ hour, and can stand for only 15-20 minutes (R. at 253). P.A. Cox offered no opinion as to whether plaintiff was disabled from November 1 through December 31, 1995. The ALJ gave no weight to this opinion because he found that the opinions did not give an accurate portrayal of plaintiff's limitations prior to her date last insured. The ALJ also noted that the evidence showed that from her date last insured until July 2009, plaintiff had worked on a farm, been a caregiver doing heavy lifting, and engaged in roofing activities, including climbing ladders (R. at 24).

In the case of Fleetwood v. Barnhart, 211 Fed. Appx. 736 (10th Cir. Jan. 4, 2007), the ALJ relied on a state agency medical consultant who filled out a check-the-box evaluation form, which, standing alone, the court found did not constitute substantial evidence. The court stated that no other medical evidence in the record specifically addressed her ability to work. The court held as follows:

> To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.
>
> The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which

9

> those findings could be based." <u>Washington v. Shalala</u>, 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1492 (10th Cir.1993); <u>accord</u> <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain more evidence regarding her functional limitations. <u>See</u> <u>Hawkins</u>, 113 F.3d at 1167-68.

<u>Fleetwood</u>, 211 Fed. Appx. at 740-741; <u>see</u> <u>Martin v. Astrue</u>, Case No. 09-1235-SAC (June 28, 2010, Doc. 13-15, 16-18).

In the case before the court, the only medical evidence regarding plaintiff's RFC was given prior to or after the period between the time she alleged disability (November 1, 1995) and the time her insured status expired (December 31, 1995). The ALJ gave no weight to either opinion for the reasons set forth above. The ALJ noted that a 1996 medical report indicated plaintiff's back was pain free for 9 months prior to July 1996, but the ALJ failed to mention that the same medical report noted that plaintiff had always been left with numbness, tingling and a dead sensation in the right foot. Most importantly, there is no medical evidence, medical opinion evidence, or any other

10

evidence cited to by the ALJ which would support a finding that plaintiff could perform a full range of sedentary work between November 1, 1995 and December 31, 1995.  The medical evidence indicating that plaintiff's back was pain free during this time period does not, of itself, provide substantial evidence that plaintiff was capable of performing a full range of sedentary work during that time.  The record does establish other impairments, including numbness, tingling, and a dead sensation in the right foot (R. at 229.

In the case of Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993), the court stated that an ALJ's finding regarding a claimant's noncredibility does not compel a finding of not disabled.  The court held that the ALJ's finding that plaintiff could perform the full range of sedentary work was not supported by any evidence at all.  The ALJ relied on the absence of contraindication in the medical records in finding that plaintiff could perform the full range of sedentary work. However, the court indicated that "the absence of evidence is not evidence" 987 F.3d at 1491.  The court held that it is the Commissioner's burden to prove that plaintiff can work at a lower level than her past relevant work.  The court held that the ALJ, finding no evidence upon which to make a finding as to RFC, should have ordered a consultative examination.

In Fleetwood, the court held that, to the extent that there is very little medical evidence directly addressing plaintiff's RFC, the ALJ made unsupported findings concerning her functional abilities. In fact, unlike Fleetwood, in the case before the court, there is absolutely no medical evidence addressing plaintiff's RFC between November 1, 1995 and December 31, 1995. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.

The ALJ does reference the fact that plaintiff was engaged in various activities, including roofing in 2003, working as a caregiver in 2004, and working on a family farm in 2004 (R. at 23, 24). However, these activities, as are the medical opinions given no weight by the ALJ, are outside the time period of November 1, 1995 and December 31, 1995. Furthermore, the sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity. Krauser v. Astrue, 638 F.3d 1324, 1332-1333 (10th Cir. 2011); Thompson v. Sullivan, 987 F.2d 1482, 1490, 1491 (10th Cir. 1993).

The ALJ's inability to make proper RFC findings is due to the ALJ's failure to develop a sufficient record on which those findings could have been based. The ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. When this case is remanded, the ALJ

12

shall develop a sufficient record on which to make RFC findings. The ALJ should consider recontacting plaintiff's treating medical source, or request additional records. 20 C.F.R. § 404.1520b(c); Fleetwood, 211 Fed. Appx. at 741; Lamb v. Barnhart, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003). The ALJ could also consider having a medical expert testify at the hearing regarding plaintiff's RFC after reviewing the record.[3] In the alternative, the ALJ could request a state agency assessment by a physician who could review the record and provide a written report setting forth their RFC findings and providing a thorough written explanation for their RFC findings.[4]

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 30th day of July, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept. Richardson v. Perales, 402 U.S. 389, 408 (1971). Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision. Lopez v. Apfel, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); Torres v. Secretary of HHS, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

[4] Although the court in Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993) stated that the ALJ should have exercised his discretionary power to order a consultative examination, in the case before the court, the only issue is plaintiff's RFC between November 1, 1995 and December 31, 1995. Ordering a consultative examination at this point in time would not be helpful in determining plaintiff's RFC nearly 18 years ago.

13